IN THE SUPREME COURT OF THE STATE OF DELAWARE

LAKISHA SHORT, §
§
   Defendant Below, § No. 59, 2015
   Appellant, §
§
   v. § Court Below—Superior Court
§ of the State of Delaware,
STATE OF DELAWARE, § in and for Kent County
§ Cr. ID No. 0107017038
   Plaintiff Below, §
   Appellee. §
§

Submitted: May 26, 2015
Decided: July 9, 2015

Before **HOLLAND**, and **VALIHURA**, and **VAUGHN**, Justices.

# **O R D E R**

This 9th day of July 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)   The appellant, Lakisha Short, filed this appeal from the Superior Court's denial of Short's second motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Short's opening brief that this appeal is without merit.[1] We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2) In January 2002, Short pled guilty to Burglary in the Second Degree ("Burglary Case"). Short was sentenced to eight years of Level V incarceration, suspended after time served for decreasing levels of supervision. Short did not appeal the Superior Court's judgment.

(3) While on probation in the Burglary Case, Short was arrested for Robbery in the First Degree and other related offenses ("Robbery Case"). In 2004, Short was convicted and sentenced as a habitual offender to fifty-five years of Level V incarceration in the Robbery Case and discharged as unimproved from probation in the Burglary Case. The Burglary Case was closed in 2011.

(4) In March 2013, Short filed a motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61") in the Burglary Case. Short claimed the guilty plea was unknowing and involuntary. The Superior Court concluded that Short's claims were procedurally barred by Rule 61(i)(1), (i)(3), and (i)(4) and summarily dismissed the motion. Short filed a notice of appeal and then withdrew the appeal.

(5) In January 2015, Short filed a second motion for postconviction relief under Rule 61 in the Burglary Case. In this motion, Short argued that: (i) the conviction for Burglary in the Second Degree was one of the predicate offenses for the habitual offender sentence in the Robbery Case; (ii) Short was innocent of Burglary in the Second Degree; (iii) the Superior Court lacked jurisdiction because

2

the burglary conviction arose from a domestic dispute between Short and a girlfriend; and (iv) Short's counsel was ineffective. The Superior Court summarily dismissed the motion because Short was no longer in custody or serving the sentence in the Burglary Case. This appeal followed.

(6) On appeal, Short claims to have standing to file a postconviction motion in the Burglary Case because that conviction was used to enhance the sentence in the Robbery Case. The State has moved to affirm the Superior Court's judgment on the ground that Short lacked standing to move for postconviction relief. We agree.

(7) A person loses standing to move for postconviction relief under Rule 61 when they are not in custody for the underlying offense or challenged sentence.[2] Short was discharged as unimproved from probation in the Burglary Case in 2004 and the case was closed in 2011. Short is not in custody for the Burglary Case. The Superior Court did not err in concluding that Short lacked standing to file a motion for postconviction relief in the Burglary Case and dismissing Short's motion for postconviction relief.

---

[2] Super. Ct. R. 61(a) ("This rule governs the procedure on an application *by a person in custody* under a sentence of this court seeking to set aside the judgment of conviction or a sentence of death on the ground that the court lacked jurisdiction or on any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction or a capital sentence.") (emphasis added); *Summers v. State*, 2003 WL 1524104, at *1 (Del. March 20, 2003) (holding movant was not entitled to seek postconviction relief for 1993 conviction because he had been discharged from probation for 1993 conviction and was no longer in custody for 1993 conviction).

(8)    NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice